UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY J. QUIGLEY,<br><br>  Plaintiff,<br><br>  v.<br><br>YELP, INC., et al.,<br><br>  Defendants. | Case No. 17-cv-03771-RS<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE** |

Plaintiff Rodney J. Quiqley seeks a temporary restraining order and an order to show cause why a preliminary injunction should not issue in this action against various defendants — including Yelp, Disney, Twitter, Facebook, and the Washington Times — whom he argues have unconstitutionally blocked him from commenting on their websites. Because plaintiff has not, at this juncture, demonstrated any likelihood of success on the merits, or even serious questions going to the merits of his claims, his application is denied.

A request for a temporary restraining is evaluated by the same factors that generally apply to a preliminary injunction. *See Stuhlbarg Int'l. Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Thus, as a form of preliminary injunctive relief, a temporary restraining order is an "extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain preliminary relief, a plaintiff must "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the

public interest." *Id.* at 20.  The Ninth Circuit has clarified, however, that courts in this Circuit should still evaluate the likelihood of success on a "sliding scale." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011) ("[T]he 'serious questions' version of the sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in *Winter*.").  As quoted in *Cottrell*, that test provides, "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," provided, of course, that "plaintiffs must also satisfy the other *Winter* factors" including the likelihood of irreparable harm.  *Id.* at 1135.

Plaintiff's application for a temporary restraining order fails at the outset because he has not demonstrated any likelihood of success on the merits or shown any serious questions going to the merits of his claims.  As he acknowledges, his constitutional claims, which form the basis of this application, require him to show that defendants — various private corporations and private unnamed individuals — can be subjected to liability as state actors.  *See Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 954-55 (9th Cir. 2008) (en banc) (citations omitted).  "[S]tate action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself."  *Id.* at 955 (quoting *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)) (internal quotation marks omitted) (alteration in original).

"Some of the factors to consider in determining whether there is a 'close nexus' are: (1) the organization is mostly comprised of state institutions; (2) state officials dominate decision making of the organization; (3) the organization's funds are largely generated by the state institutions; and (4) the organization is acting in lieu of a traditional state actor."  *Id.* (citing *Brentwood Acad.*, 531 U.S. at 295-99.  The Supreme Court has "held that a challenged activity may be state action when it results from the State's exercise of coercive power, . . . when the State provides significant encouragement, either overt or covert, . . . or when a private actor operates as a willful participant in joint activity with the State or its agents."  *Brentwood Acad.*, 531 U.S. at 296 (citations and internal quotation marks omitted).  The Supreme Court has also "treated a nominally private entity

as a state actor when it is controlled by an agency of the State, . . . when it has been delegated a public function by the State, . . . when it is entwined with governmental policies, or when government is entwined in [its] management or control." *Id.* (citation and internal marks omitted) (alteration in original).

Plaintiff advances four unavailing theories of state action. First, he asserts defendants perform a public function by disseminating news and fostering free and public political debate. "Private activity becomes a public function only if that action has been traditionally the exclusive prerogative of the State" — like holding elections, governing a town, or serving as an international peacekeeping force. *Brunette v. Humane Soc'y of Ventura Cty.*, 294 F.3d 1205, 1214 (9th Cir. 2002), as amended on denial of reh'g and reh'g en banc (Aug. 23, 2002) (citations and internal quotation marks omitted). The dissemination of news and fostering of debate cannot be said to have been traditionally the exclusive prerogative of the government. *See id.* (holding that various media organizations were not engaged in a public function when performing newsgathering).

Second, plaintiff argues the government financed and created the internet for the benefit of individuals and website owners, and thereby encourages e-commerce. Even assuming the accuracy of this description of the government's activity with respect to the internet, plaintiff has not articulated a theory of encouragement or coercion sufficient to show state action because he has neither argued nor alleged that the government encouraged or coerced defendants to take the challenged actions — blocking him from their websites' comments sections. *See Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) ("[A] State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State."). Moreover, even if plaintiff could show such coercion or encouragement, he has not made clear why an action would lie against defendants, as opposed to the relevant state actor — the United States. *See id.* (contemplating liability against a state actor for coercing or encouraging the actions of a private actor).

Third, plaintiff conclusorily claims the existence of a joint enterprise between defendants

and the government, which he states can be inferred from defendants providing information to the electorate on the government's behalf.  This theory, however is not supported by plausible allegations in the complaint, and does not, in any event, describe a joint enterprise elevating defendants' alleged activities to state action.  A finding of state action through a joint enterprise is appropriate where a private party and the state engage in a joint enterprise with respect to the private party's challenged actions.  *See Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 941 (1982) ("[W]e have consistently held that a private party's joint participation with state officials in the seizure of disputed property is sufficient to characterize that party as a state actor for purposes of the Fourteenth Amendment.").  Plaintiff here presents no such joint enterprise.

Fourth, and finally, plaintiff proclaims a pervasive entwinement between defendants and the government because the government maintains accounts on the defendants' websites, and uses their websites to communicate with citizens.  Whether or not these claims are true, plaintiff fails to articulate the sort of entwinement that would converts a private party's actions to state action.  *See Evans v. Newton*, 382 U.S. 296, 299 (1966) ("Conduct that is formally 'private' may become so entwined with governmental policies or so impregnated with a governmental character as to become subject to the constitutional limitations placed upon state action.  The action of a city in serving as trustee of property under a private will serving the segregated cause is an obvious example."); *see also Brentwood Acad.*, 531 U.S. at 296 (holding state action can be found when government is entwined in the management or control of the challenged action of a private party).  Plaintiff does not argue the government participates in the operation or management of defendants' websites; he merely argues the government uses the defendants' websites in the same manner as other users.  This is not sufficient to show state action.

Plaintiff fails to show a likelihood of success on the merits, or even serious questions going to the merits of his claim, because he has not identified any actions by defendants describable as state action and thus subject to constitutional scrutiny.  Accordingly, his application for a temporary restraining order and order to show cause why a preliminary injunction should not issue

is denied.[1]

**IT IS SO ORDERED**.

Dated: July 5, 2017

RICHARD SEEBORG
United States District Judge

---

[1] Plaintiff's motion for permission for electronic case filing, however, is granted.

ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER
CASE NO. 17-cv-03771-RS
5