1   ANNETTE L. HURST (SBN 148738)
    *Email: ahurst@orrick.com*
2   DANIEL D. JUSTICE (SBN 291907)
    *Email: djustice@orrick.com*
3   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
4   405 Howard Street
    San Francisco, California  94105-2669
5   Telephone:   (415) 773-5700
    Facsimile:   (415) 773-5759
6

7   Attorneys for Defendant
    DISQUS, INC
8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12

13  RODNEY J. QUIGLEY,                    Case No. 3:17-CV-03771-RS

14              Plaintiff,                **DEFENDANT DISQUS, INC.'S NOTICE
                                          OF MOTION AND MOTION TO
15       v.                               DISMISS FIRST AMENDED
                                          COMPLAINT (FED. R. CIV. P. 12(b)(6))**
16  YELP INC., et al.,
                                          Date:      October 26, 2017
17              Defendants.               Time:      1:30 p.m.
                                          Dept:      San Francisco Courthouse,
18                                                    Courtroom 3 – 17th Floor
                                          Judge:     Hon. Richard Seeborg
19

20

21

22

23

24

25

26

27

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

## NOTICE OF MOTION AND MOTION

2
TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3
Please take notice that on October 26, 2017 at 1:30 p.m., or as soon thereafter as the

4
matter may be heard by the Court, at the courtroom of the Honorable Richard Seeborg,

5
Courtroom 3, 17th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco,

6
California, Defendant Disqus, Inc. ("Disqus") will, and hereby does, move to dismiss the First

7
Amended Complaint against Disqus pursuant to Rule 12(b)(6) of the Federal Rules of Civil

8
Procedure.

9
This Motion to Dismiss is brought on the grounds that Counts 2-3 and 5-8 in the First

10
Amended Complaint fail to state a claim against Disqus upon which relief can be granted; as

11
these are all of the claims pled against Disqus and all are defective, Disqus should be dismissed

12
from this action.  As Plaintiff has already amended once, dismissal should be with prejudice.

13
This Motion is based upon the First Amended Complaint, the following Memorandum of

14
Points and Authorities, as well as such other and further supporting papers and argument as may

15
be presented to the Court prior to or at the hearing of this Motion.

16

## STATEMENT OF RELIEF SOUGHT

17
Disqus seeks an order pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing

18
with prejudice Counts 2-3 and 5-8 of Plaintiff's First Amended Complaint, thereby dismissing

19
Disqus, Inc. in its entirety from this action.

20

## STATEMENT OF ISSUES TO BE DECIDED

21
1.  Whether the FAC states a claim upon which relief can be granted against Disqus.

22

23

24
Dated:  September 5, 2017                    Orrick, Herrington & Sutcliffe LLP

25

26
By:   */s/ Daniel D. Justice*
_____
DANIEL D. JUSTICE

27
Attorneys for Defendants DISQUS, INC.

28

Orrick, Herrington &
Sutcliffe LLP
Attorneys at Law
San Francisco

- 1 -

Disqus, Inc.'s Motion to Dismiss
Case No. 17-CV-03771-RS

# TABLE OF CONTENTS

**Page**

INTRODUCTION AND SUMMARY OF ARGUMENT ............................................................... 1

STATEMENT OF FACTS ........................................................................................................... 2

    A.    Procedural Background ..................................................................................... 2

    B.    Allegations Of The FAC .................................................................................. 2

ARGUMENT ............................................................................................................................... 3

I.      PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER § 1983 (COUNT 2) ........... 4

II.     PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER § 1985(3)
       (COUNT 3) ......................................................................................................................... 7

III.   PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER EITHER THE
       FEDERAL OR STATE WIRETAPING LAWS (COUNTS 5, 7 & 8) .............................. 8

    A.    Plaintiff Has Alleged No Facts To Show That Disqus "Intercepted"
           Plaintiff's Communications With A "Device" As Required By The Federal
           Wiretap Act ....................................................................................................... 9

    B.    Section 2511(2)(g)(i) Of The Federal Wiretap Act Exempts Disqus From
           Liability Because Plaintiff's Alleged Communications Were Public ................. 10

    C.    Disqus Is Exempt From Liability Under Both Federal And State
           Wiretapping Laws Because Disqus Was A Party To All Communications ......... 11

    D.    Plaintiff Cannot Plead Facts Sufficient To Allege The Elements Of CIPA ......... 12

IV.   PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER CDAFA  (COUNT 6) ...... 14

CONCLUSION ........................................................................................................................... 16

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- i -

DISQUS, INC.'S MOTION TO DISMISS
CASE NO. 17-CV-03771-RS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*American Mfrs. Mut. Ins. Co. v. Sullivan*,
    526 U.S. 40 (1999) ................................................................................................5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................... *passim*

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................... *passim*

*Bradley v. Google, Inc.*,
    No. 06–cv–5289–WHA, 2006 WL 3798134 (N.D. Cal. Dec. 22, 2006) ..................................12

*Caldeira v. Cty. of Kauai*, 866 F.2d 1175 (9th Cir. 1989) ............................................................7

*In re Carrier IQ, Inc.*,
    78 F. Supp. 3d 1051 (N.D. Cal. 2015) ........................................................................14

*Chrisman v. City of Los Angeles*,
    65 Cal. Rptr. 3d 701 (Cal. Ct. App. 2007) ...................................................................15

*Crowley v. CyberSource Corp.*,
    166 F. Supp. 2d 1263 (N.D. Cal. 2001) .........................................................................9

*Cyber Promotions, Inc. v. Am. Online, Inc.*,
    948 F. Supp. 436 (E.D. Pa. 1996) ..............................................................................6

*In re Facebook Internet Tracking Litig.*,
    5:12-MD-02314-EJD, 2017 WL 2834113 (N.D. Cal. June 30, 2017).....................8, 11, 12, 14

*Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*,
    521 F.3d 1157 (9th Cir. 2008)..................................................................................11

*Fews v. Ever Com Phone Sys.*,
    No. C00-2559PJH(PR), 2000 WL 1610734 (N.D. Cal. Oct. 23, 2000)....................................7

*Flanagan v. Flanagan*,
    41 P.3d 575 (Cal. 2002) ........................................................................................13

*Giannini v. Real*,
    911 F.2d 354 (9th Cir. 1990).....................................................................................8

*In re Google Inc. Cookie Placement Consumer Privacy Litig.*,
    806 F.3d 125 (3d Cir. 2015).................................................................................8, 11

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- ii -

DISQUS, INC.'S MOTION TO DISMISS
CASE NO. 17-CV-03771-RS

*Gourley v. Google, Inc.,*
 137 S.Ct. 36, 2016 U.S. Lexis 5113 (2016) ...........................................................................11

*Island Online, Inc. v. Network Sols., Inc.,*
 119 F. Supp. 2d 289 (E.D.N.Y. 2000) ....................................................................................6

*Ivey v. Bd. of Regents of Univ. of Alaska,*
 673 F.2d 266 (9th Cir. 1982) ..................................................................................................4

*Jones v. Cmty. Redev. Agency of Los Angeles,*
 733 F.2d 646 (9th Cir. 1984) ..................................................................................................4

*Kirtley v. Rainey,*
 326 F.3d 1088 (9th Cir. 2003) ................................................................................................5

*Konop v. Hawaiian Airlines, Inc.,*
 302 F.3d 868 (9th Cir. 2002) ................................................................................................10

*Langdon v. Google, Inc.,*
 474 F. Supp. 2d 622 (D. Del. 2007) .......................................................................................6

*Liao v. Ashcroft,*
 No. C 08-2776 PJH, 2009 WL 636116 (N.D. Cal. Mar. 11, 2009) ...................................5, 7, 8

*Lugar v. Edmondson Oil Co.,*
 457 U.S. 922 ...........................................................................................................................6

*Marsh v. Zaazoom Sols., LLC,*
 C-11-05226-YGR, 2012 WL 952226 (N.D. Cal. Mar. 20, 2012) ....................................10, 11

*Mason v. Thorman,*
 No. C97-04024 MJJ, 1999 WL 179681 (N.D. Cal. Mar. 24, 1999) ........................................8

*McElroy v. Pac. Autism Ctr. for Educ.,*
 No. 14-CV-04118-LHK, 2016 WL 3029782 (N.D. Cal. May 27, 2016) .................................5

*McHone v. Far N. Reg'l Ctr.,*
 No. 14-CV-03385, 2015 WL 80676 (N.D. Cal. Jan. 5, 2015) .................................................5

*McMillan v. Dep't of Interior,*
 907 F. Supp. 322 (D. Nev. 1995), *aff'd*, 87 F.3d 1320 (9th Cir. 1996) ..................................4

*Morse v. N. Coast Opportunities, Inc.,*
 No. C 95-1455 FMS, 1995 WL 779119 (N.D. Cal. Dec. 5, 1995), *aff'd*, 118
 F.3d 1338 (9th Cir. 1997) ......................................................................................................7

*NovelPoster v. Javitch Canfield Grp.,*
 140 F. Supp. 3d 938 (N.D. Cal. 2014) ............................................................................11, 15

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- iii -

DISQUS, INC.'S MOTION TO DISMISS
CASE NO. 3:17-CV-03771-RS

*O'Haire v. Napa State Hosp.*,
No. C 07-0002 RMW (PR), 2009 WL 2447752 (N.D. Cal. Aug. 7, 2009) ...............................5

*Powell v. Union Pac. R. Co.*,
864 F.Supp.2d 949 (E.D. Cal. 2012)..............................................................................................12

*Redden v. Women's Ctr. of San Joaquin Cty.*,
No. C 05-03099 CRB, 2006 WL 132088 (N.D. Cal. Jan. 17, 2006) ..........................................7

*Rogers v. Ulrich*,
125 Cal. Rptr. 306 (Cal. Ct. App. 1975) ....................................................................................12

*Safari v. Kaiser Found. Health Plan*,
No. C 10-05371 JSW, 2012 WL 1669351 (N.D. Cal. May 11, 2012)......................................6

*Satmodo, LLC v. Whenever Commc'ns, LLC*,
17-CV-0192-AJB NLS, 2017 WL 1365839 (S.D. Cal. Apr. 14, 2017)....................................14

*Schucker v. Rockwood*,
846 F.2d 1202 (9th Cir. 1988).................................................................................................4, 6

*Sever v. Alaska Pulp Corp.*,
978 F.2d 1529 (9th Cir. 1992).......................................................................................................7

*Sikhs for Justice "SFJ", Inc. v. Facebook, Inc.*,
144 F.Supp. 3d 1088 (N.D. Cal. 2015) ....................................................................................11

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001)........................................................................................................4

*Sunbelt Rentals, Inc. v. Victor*,
43 F. Supp. 3d 1026 (N.D. Cal. 2014) ...................................................................9, 12, 14, 15

*Thomasson v. GC Servs. Ltd. P'ship*,
321 Fed.Appx. 557 (9th Cir. 2008) ..........................................................................................12

*Thornton v. City of St. Helens*,
425 F.3d 1158 (9th Cir. 2005)......................................................................................................7

*Urenia v. Pub. Storage*,
No. CV 13-01934 DDP, 2014 WL 5781250 (C.D. Cal. Nov. 6, 2014) ....................................6

*Van Ort v. Estate of Stanewich*,
92 F.3d 831 (9th Cir. 1996)..........................................................................................................5

*Visintini v. Hayward*,
No. C-08-5393 EMC, 2009 WL 2413356 (N.D. Cal. Aug. 5, 2009).........................................4

*West v. Atkins*,
487 U.S. 42 (1988) .......................................................................................................................4

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- iv -

DISQUS, INC.'S MOTION TO DISMISS
CASE NO. 3:17-CV-03771-RS

*Young v. Facebook, Inc.*,
    No. 5:10-CV-03579-JF/PVT, 2010 WL 4269304 (N.D. Cal. Oct. 25, 2010) ........................4, 6

*Zainalizadeh v. Neiman Marcus Grp.*,
    No. C 01-4207 JL, 2002 WL 31007465 (N.D. Cal. Sept. 4, 2002) ............................................7

**Statutes**

18 U.S.C. § 2510. ........................................................................................................................8, 9

18 U.S.C. § 2511 .................................................................................................................. *passim*

42 U.S.C. § 1983 .................................................................................................................. *passim*

42 U.S.C. § 1985(3) ..................................................................................................................7, 8

47 U.S.C. § 230 ...........................................................................................................................11

Cal. Penal Code § 502 ....................................................................................................14, 15, 16

Cal. Penal Code § 630 ...................................................................................................................9

Cal. Penal Code § 631 .............................................................................................................8, 12

Cal. Penal Code § 632 ......................................................................................................8, 12, 13

**Other Authorities**

Fed. R. Civ. Pro. 9(b) ..................................................................................................................14

Fed. R. Civ. Pro. 12(b)(6) .............................................................................................................3

*United States Constitution*, First Amendment ............................................................................7

*United States Constitution*, Fourth Amendment .........................................................................8

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- v -

DISQUS, INC.'S MOTION TO DISMISS
CASE NO. 3:17-CV-03771-RS

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff's First Amended Complaint ("FAC") purports to state a variety of claims that are apparently based upon the termination of his accounts used to comment publicly on various websites and social media platforms.  Disqus supplies commenting software used by a number of such sites.  Little more by way of facts—as opposed to overheated rhetoric—can be discerned from the FAC.  All claims against Disqus should be dismissed with prejudice.

First, Plaintiff's constitutional claims (Counts 2 and 3) each require state action, which Plaintiff has not pled and cannot show.  Plaintiff has failed to allege facts that support state action—the mere fact that DARPA invented the internet is insufficient.  Disqus is not a state actor and nothing Plaintiff can plead will make it one.

Second, Plaintiff's federal Wiretap Act claims (Counts 5 & 7) fail because Plaintiff has not pled and cannot show that Disqus "intercepted" a communication "using a device" as required by the Act.  Further, the Wiretap Act contains several statutory safe harbor provisions that are applicable on the face of the FAC to exempt Disqus from liability under that statute; namely, § 2511(2)(g)(i) obviates liability for any alleged interception of a public communication, and § 2511(2)(d) obviates liability for a defendant who is a party to an allegedly intercepted communication.

Next, Plaintiff's California Comprehensive Computer Data Access and Fraud Act claim (Count 6) fails because Plaintiff has failed to allege any facts to support his claim, has failed to state which provisions of the Act Disqus has violated, and has failed to establish economic harm or loss as required by the statute.

Finally, Plaintiff's California Invasion of Privacy Act claim (Count 8) fail because Plaintiff has not pled and cannot show the necessary elements of this claim.  It also fails for the same reason as Plaintiff's Wiretap Act claim; namely, because Disqus cannot have intercepted or eavesdropped on a public communication to which Disqus was a party.

These deficiencies cannot be cured by amendment.  Accordingly, Disqus respectfully requests that the Court dismiss Counts 2-3 and 5-8 as pled against Disqus with prejudice.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 1 -

DISQUS, INC.'S MOTION TO DISMISS
CASE NO. 17-CV-03771-RS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STATEMENT OF FACTS.**

A.     **Procedural Background.**

On June 30, 2017, Plaintiff filed a complaint in this Court against Yelp, Inc., The Walt Disney Company, Twitter, Inc., Media Matters for America, The Washington Times, LLC, Facebook, Inc., Disqus, and several Doe defendants claiming violation of his First and Fourth Amendment rights, among other claims.  *See* Complaint, ECF No. 1 ("Compl.").  On July 5, 2017, Plaintiff moved *ex parte* for a temporary restraining order preventing the Defendants from blocking him from commenting on their websites.  *See* TRO, ECF No. 6.  On the same day, this Court denied Plaintiff's motion because Plaintiff failed to demonstrate "any likelihood of success on the merits, or even serious questions going to the merits of his claims."  Order Denying TRO. ECF No. 14, 1.  The Court's order rested on the determination that Plaintiff was unable to show that the Defendants—all private actors—could be subjected to liability as state actors, as required for Plaintiff's constitutional claims to succeed.  *Id.* 2-4.

On July 21, 2017, Disqus moved to dismiss Plaintiff's complaint on the ground that Plaintiff failed to plead facts necessary to show state action.  ECF No. 20.  After the deadline for opposition to the motion passed, Plaintiff filed a First Amended Complaint ("FAC") reiterating the constitutional claims and adding several new claims against Disqus.  ECF No. 36 ("FAC"). Plaintiff added allegations that Disqus violated the Electronic Communications Privacy Act ("Wiretap Act"), the California Invasion of Privacy Act ("CIPA"), and California's Comprehensive Computer Data Access and Fraud Act ("CDAFA").  FAC ¶¶ 119-139, 145-177.

B.     **Allegations Of The FAC.**

The gravamen of the FAC seems to be Plaintiff's concern that his alt-right political views are not being published at will on various social media sites and news webpages.  From the little set forth in the FAC, Plaintiff's claims against Disqus appear to be premised upon the fact that it supplies software (termed in the FAC the "Disqus Commentary Engine") that is used by a number of websites for public commentary.  *See Id.* ¶¶ 18e, 21.

Plaintiff alleged that the Disqus Commentary Engine was used by certain of the other named Defendants and Disqus to "surreptitiously surveil" comments he left on those Defendants'

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -

DISQUS, INC.'S MOTION TO DISMISS
CASE NO. 3:17-CV-03771-RS

webpages, to surveil communications he had with other Disqus users on those webpages, and that Disqus removed his ability to leave comments on those webpages at the other Defendants' request. FAC ¶¶ 21, 31, 38, 61-69, 95-108.  Plaintiff does not explain what types of communications were allegedly surreptitiously monitored nor does he allege facts to show that they were private.  This is significant, of course, because the entire context of his constitutional claims is that his public speech has been curtailed.  Absent factual explanation, his theory of surveillance of his public commentary makes no sense.

The only specific allegations against Disqus are that it blocked his ability to leave comments on ABC News and Media Matters for America webpages employing the Disqus Commentary Engine.  FAC ¶¶ 61-69, 95-108.  Plaintiff alleges this "surveillance" and comment removal / comment blocking constitute violations of his 1st, 4th, and 5th Amendment rights.  *Id.* It is not entirely clear, but it appears the same sparse set of predicate facts also form the basis for Plaintiff's other allegations against Disqus.  *Id.*

On the one hand, Plaintiff alleges that Disqus is an ordinary Delaware corporation, registered to do business in California, and that it maintains a website at www.disqus.com.  FAC ¶21.  On the other hand, Plaintiff lumps all defendants together in alleging that the federal government somehow has control over their business operations because it has control over the Internet.  *Id.* ¶ 37.  Plaintiff also alleges that Disqus acted under color of law because its contractual Terms of Service can be enforced under state contract law.  *Id.* ¶ 45.  Plaintiff does not allege that Disqus acted with or at the behest of any government entity or that its alleged acts are those that would normally and exclusively be performed by a government entity.

## ARGUMENT

A motion to dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) should be granted where the plaintiff fails to state a claim.  Fed. R. Civ. P. 12(b)(6).  While a plaintiff need not allege detailed factual allegations, he must nonetheless "provide the grounds of his 'entitle[ment] to relief' . . . [which] requires more than labels and conclusions, and a formulaic recitation . . . of a cause of action will not do . . . .  Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 3 -

DISQUS, INC.'S MOTION TO DISMISS
CASE NO. 3:17-CV-03771-RS

1   (2007) (citations omitted).  The Court need not credit conclusory allegations, unwarranted

2   deductions of fact, or unreasonable inferences.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009);

3   *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Though, a pleading must

4   contain "only enough facts to state a claim to relief that is plausible on its face," if the "plaintiffs .

5   . . have not nudged their claims across the line from conceivable to plausible, their complaint

6   must be dismissed."  *Twombly*, 550 U.S. at 570.

7          Additionally, while a *pro se* complaint may get some additional leeway, such a complaint

8   should nevertheless be dismissed if the complaint and its allegations establish that the plaintiff

9   has not alleged and cannot allege a claim.  *Jones v. Cmty. Redev. Agency of Los Angeles*, 733

10  F.2d 646, 649 (9th Cir. 1984); *see also Schucker v. Rockwood*, 846 F.2d 1202, 1204-05 (9th Cir.

11  1988) (affirming dismissal of *pro se* complaint); *McMillan v. Dep't of Interior*, 907 F. Supp. 322,

12  329 (D. Nev. 1995), *aff'd*, 87 F.3d 1320 (9th Cir. 1996) (dismissing *pro se* complaint without

13  leave to amend because some claims legally barred and others frivolous).  In giving liberal

14  interpretation to a *pro se* civil rights complaint, the court is not permitted to "supply essential

15  elements of the claim that were not initially pled."  *Ivey v. Bd. of Regents of Univ. of Alaska,* 673

16  F.2d 266, 268 (9th Cir. 1982).

17  **I.     PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER § 1983 (COUNT 2).**

18         Plaintiff's second claim for relief for violation of federal civil rights under 42 U.S.C.

19  § 1983 should be dismissed with prejudice for failure to state a claim upon which relief can be

20  granted.  As this Court has already held, Plaintiff's constitutional claims fail because Plaintiff

21  cannot show that Disqus is a state actor.  *See* ECF No. 14.  "To state a claim under § 1983, a

22  plaintiff must allege the violation of a right secured by the Constitution and laws of the United

23  States, and must show that the alleged deprivation was committed by *a person acting under color*

24  *of state law*."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (emphasis added).  "[P]rivate persons do not

25  act under color of state law absent significant governmental involvement in the action."  *Visintini*

26  *v. Hayward*, No. C-08-5393 EMC, 2009 WL 2413356, at *3 (N.D. Cal. Aug. 5, 2009).  "Only

27  conduct that is 'fairly attributable to the government' may be redressed through § 1983."  *Young*

28  *v. Facebook, Inc.*, No. 5:10-CV-03579-JF/PVT, 2010 WL 4269304, at *2 (N.D. Cal. Oct. 25,

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -

DISQUS, INC.'S MOTION TO DISMISS
CASE NO. 3:17-CV-03771-RS

2010) (quoting *Liao v. Ashcroft*, No. C 08-2776 PJH, 2009 WL 636116, at *4 (N.D. Cal. Mar. 11, 2009)).  Thus, "[g]enerally, only a state actor, and not a private individual or entity, may be liable under § 1983 because '§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong.'"  *Liao*, 2009 WL 636116, at *4 (citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49 (1999)).  "There is no right to be free from the infliction of constitutional deprivations by private entities."  *O'Haire v. Napa State Hosp.*, No. C 07-0002 RMW (PR), 2009 WL 2447752, at *6 (N.D. Cal. Aug. 7, 2009) (citing *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996)).

The Ninth Circuit has adopted four tests to determine if a private actor was acting under color of law for purposes of § 1983: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus."  *Kirtley v. Rainey,* 326 F.3d 1088, 1092 (9th Cir. 2003).  The ultimate inquiry, however, is whether the alleged actions are fairly attributable to the government.  *Id.* at 1096.  Here, Plaintiff has not alleged facts supporting the assertion that Disqus' alleged actions are fairly attributable to the government under any of these tests—nor could it.  Plaintiff does not allege that the actions at issue are traditionally or exclusively reserved to the state (public function); that Disqus participated jointly with the state regarding the alleged actions, that the state insinuated itself into any portion of the acts complained of, or that the state has benefited from the alleged actions in any way (joint action); that the state coerced or significantly encouraged Disqus to perform the alleged actions (governmental compulsion); or that there is any nexus between the state and Disqus' alleged actions (governmental nexus).  *See Id.* at 1092-96; *see also McElroy v. Pac. Autism Ctr. for Educ.*, No. 14-CV-04118-LHK, 2016 WL 3029782, at *12-14 (N.D. Cal. May 27, 2016); *McHone v. Far N. Reg'l Ctr.*, No. 14-CV-03385, 2015 WL 80676, at *5-10 (N.D. Cal. Jan. 5, 2015).  Indeed, Plaintiff has made no allegations which even tend to indicate that the acts complained of were performed in anything other than a private capacity.

Plaintiff alleges that Disqus is a state actor / acted under color of law because (1) the Disqus Commentary Engine operates on the Internet, which was originally a government project and is now regulated by the federal government, (2) Disqus' Terms of Service can be enforced by

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -

DISQUS, INC.'S MOTION TO DISMISS
CASE NO. 3:17-CV-03771-RS

state law, and (3) Disqus "has integrated the federal government into [its] day-to-day operations" such that Disqus is "totally dependent on the federal government."  *See* FAC ¶¶ 37, 45.  The fact that the Disqus Commentary Engine operates on the Internet is insufficient to establish Disqus as a state actor for purposes of constitutional liability.  *See Langdon v. Google, Inc.*, 474 F. Supp. 2d 622, 632 (D. Del. 2007) (Internet search engine providers that refused to run website owner's ads were not state actors); *Island Online, Inc. v. Network Sols., Inc.*, 119 F. Supp. 2d 289, 306 (E.D.N.Y. 2000) ("the Internet is, by no stretch of the imagination, a traditional and exclusive public function."); *Cyber Promotions, Inc. v. Am. Online, Inc.*, 948 F. Supp. 436, 442 (E.D. Pa. 1996) (Email provider who opened email system to the public "does not stand in the shoes of the State.").  Similarly, the fact that contract law can be used to enforce terms of service does not render Disqus' alleged actions "fairly attributable to the government" such that they were performed under color of law.  *Young*, 2010 WL 4269304, at *2.  "Invoking state legal procedures does not constitute 'joint participation' or 'conspiracy' with state officials sufficient to satisfy section 1983's state action requirement."  *Schucker v. Rockwood,* 846 F.2d 1202, 1205 (9th Cir. 1988) (citing *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 939 n. 21 (1982)); *see also Urenia v. Pub. Storage,* No. CV 13-01934 DDP (AJWX), 2014 WL 5781250, at *3 (C.D. Cal. Nov. 6, 2014) ("Nor does a private party's invocation of remedies provided by state law constitute state action").  Lastly, Plaintiff's allegation that Disqus has integrated the federal government into its daily business activities is conclusory and lacks plausible factual support in light of the other allegations of the FAC.  This is exactly the type of conclusory allegation, unwarranted deduction of fact, and unreasonable inference that the Court need not credit.  *See Iqbal*, 556 U.S. at 677-79.  Plaintiff's theory of state action is without merit.

It is undisputed that Disqus is a private company and Plaintiff has not alleged facts to support its allegation that Disqus acted under color of law.  Indeed, there are no facts which Plaintiff could have alleged to justify these unsupported claims.  Courts in this district routinely dismiss § 1983 claims against private entities when the Plaintiff fails to show that the accused acts were performed under color of law—the Court should do so again here.  *See, e.g., Safari v. Kaiser Found. Health Plan*, No. C 10-05371 JSW, 2012 WL 1669351, at *9 (N.D. Cal. May 11,

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 6 -

DISQUS, INC.'S MOTION TO DISMISS
CASE NO. 3:17-CV-03771-RS

2012) (dismissing § 1983 claim against private entities); *Redden v. Women's Ctr. of San Joaquin Cty.*, No. C 05-03099 CRB, 2006 WL 132088, at *1 (N.D. Cal. Jan. 17, 2006) ("the First Amendment of the United States Constitution only applies to government actors; it does not apply to private corporations or persons."); *Zainalizadeh v. Neiman Marcus Grp.*, No. C 01-4207 JL, 2002 WL 31007465, at *2 (N.D. Cal. Sept. 4, 2002) ("Neiman Marcus is a private corporation and hence could not be accused of being a state actor."); *Fews v. Ever Com Phone Sys.*, No. C00-2559PJH (PR), 2000 WL 1610734, at *1 (N.D. Cal. Oct. 23, 2000) ("Plaintiff may not bring claims under Section 1983 against . . . a private corporation."); *Morse v. N. Coast Opportunities, Inc.,* No. C 95-1455 FMS, 1995 WL 779119, at *3 (N.D. Cal. Dec. 5, 1995), *aff'd*, 118 F.3d 1338 (9th Cir. 1997).

Accordingly, Plaintiff has failed to state a claim for violation of federal civil rights under 42 U.S.C. § 1983.  No amendment can cure this defect; Plaintiff's second claim as pled against Disqus should be dismissed with prejudice.

## II.   PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER § 1985(3) (COUNT 3).

Plaintiff's third claim for relief for violation of federal civil rights under 42 U.S.C. § 1985(3) should be dismissed with prejudice for failure to state a claim upon which relief can be granted.  To establish a § 1985(3) claim, a plaintiff must prove: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.  *Sever v. Alaska Pulp Corp.,* 978 F.2d 1529, 1536 (9th Cir. 1992).  Section 1985 provides a civil action for damages caused by conspiracies that interfere with civil rights; however, "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations."  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005) (quoting *Caldeira v. Cty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989)).  "This is because a § 1985(3) claim, like a § 1983 claim, requires the plaintiff to 'allege facts showing deprivation of rights secured by the Constitution or laws of the United States under color of state law.'"  *Liao,*

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 7 -

DISQUS, INC.'S MOTION TO DISMISS
CASE NO. 3:17-CV-03771-RS

2009 WL 636116, at *6 (quoting *Giannini v. Real,* 911 F.2d 354, 359 (9th Cir. 1990)); *see also Mason v. Thorman*, No. C97-04024 MJJ, 1999 WL 179681, at *2 (N.D. Cal. Mar. 24, 1999) ("In order for defendant to be liable under 42 U.S.C. sections 1983, 1985 and 1986, he must be a state actor or found to have been acting under color of law.").

Plaintiff's § 1985 claim necessarily fails because it is predicated on the same allegations that are insufficient to state a claim under § 1983; namely, that Disqus violated Plaintiff's First and Fourth Amendment rights while acting under the color of law.  *See Id.*  Thus, because Plaintiff cannot maintain its § 1983 claim, Plaintiff likewise cannot maintain its § 1985(3) claim. Accordingly, Plaintiff has failed to state a claim for conspiracy to infringe federal civil rights under 42 U.S.C. § 1985(3).  No amendment would cure this defect; Plaintiff's third claim for relief as plead against Disqus should also be dismissed with prejudice.

## III.  PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER EITHER FEDERAL OR STATE WIRETAPPING LAWS (COUNTS 5, 7 & 8).

Plaintiff's fifth and seventh claims for relief for violation of the federal Wiretap Act, codified at 18 U.S.C. § 2510 et seq., should be dismissed with prejudice for failure to state a claim upon which relief can be granted.  To establish a Wiretap Act violation, Plaintiff must prove that Disqus "(1) intentionally (2) intercepted, endeavored to intercept or procured another person to intercept or endeavor to intercept (3) the contents of (4) an electronic communication, (5) using a device."  *In re Facebook Internet Tracking Litig*., 5:12-MD-02314-EJD, 2017 WL 2834113, at *4 (N.D. Cal. June 30, 2017) (quoting *In re Google Inc. Cookie Placement Consumer Privacy Litig*., 806 F.3d 125, 135 (3d Cir. 2015)).  Plaintiff has failed to adequately plead at least the elements that Disqus "intercepted" a communication "using a device."  Further, the FAC discloses on its face that exemptions provided by the Act apply here.  As such, Plaintiff's fifth and seventh claims for relief should be dismissed with prejudice.

Similarly, Plaintiff's eighth claim for relief for violation of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 631 and 632, should also be dismissed with prejudice for failure to state a claim upon which relief can be granted.  Plaintiff has failed to allege the necessary elements of §§ 631 and 632, and this deficiency cannot be remedied.  CIPA prohibits

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 8 -

DISQUS, INC.'S MOTION TO DISMISS
CASE NO. 3:17-CV-03771-RS

1    unauthorized interceptions of communications in order "to protect the right of privacy."  Cal.

2    Penal Code § 630.  Disqus did not "intercept" any communication because it is a party to all

3    communications on the Disqus Commentary Engine and Plaintiff had no expectation of privacy in

4    comments he posted publicly.  These deficiencies cannot be cured; Plaintiff's eighth claim for

5    relief should also be dismissed with prejudice.

6    A.    **Plaintiff Has Alleged No Facts To Show That Disqus "Intercepted"**
     **Plaintiff's Communications With A "Device" As Required By The**
7    **Federal Wiretap Act.**

8    **No Interception.**  Plaintiff's FAC fails to allege any facts to show that Disqus

9    "intercepted" a communication.  Instead, under Counts 5 and 7, Plaintiff merely makes the

10   conclusory allegations that "[a]ll defendants have in fact intercepted . . . information from user

11   communications including those of the plaintiff and class members without prior notice to,

12   knowledge of or informed consent of the users" and that "[a]ll defendants named herein

13   conducted ongoing wiretapping of all electronic communications of the plaintiff and class

14   members."  FAC ¶¶ 150 & 169.  Nowhere does Plaintiff identify which communications Disqus

15   is alleged to have intercepted or how Disqus is alleged to have intercepted those communications.

16   Rather, Plaintiff's wholly conclusory assertions that Disqus has intercepted his communications

17   merely repeat statutory language and are legally insufficient.  *See Crowley v. CyberSource Corp.*,

18   166 F. Supp. 2d 1263, 1268 (courts should "not accept a conclusory allegation that conduct

19   alleged in the complaint constitute an interception under the Wiretap Act").  "These fact-barren

20   and vague allegations are precisely the type of 'threadbare recitals' proscribed

21   by *Twombly* and *Iqbal.*"  *Sunbelt Rentals, Inc. v. Victor*, 43 F. Supp. 3d 1026, 1032 (N.D. Cal.

22   2014).

23   **No Device.**  Plaintiff's FAC also fails to show that Disqus used any "device" covered by

24   the Wiretap Act.  The statute defines "electronic, mechanical, or other device" as "any device or

25   apparatus which can be used to intercept a wire, oral, or electronic communication."  18 U.S.C. §

26   2510(5).  Courts, however, hold that the device has to be something other than the server which is

27   the final recipient of the communication.  *See, e.g., Crowley* 166 F. Supp. 2d at 1269 (dismissing

28   Wiretap Act claim where defendant "did not acquire [the communication] using a device other

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SAN FRANCISCO
- 9 -                            DISQUS, INC.'S MOTION TO DISMISS
CASE NO. 3:17-CV-03771-RS

than the drive or server on which [the communication] was received.").  Plaintiff does not allege that Disqus used any device to intercept his communications, let alone a device covered by the Act.  If Plaintiff is attempting to allege that the Disqus Commentary Engine itself is the intercepting device, then Plaintiff's claims necessarily fail because as the intended recipient of Plaintiff's communications, Disqus' servers do not fall within the Wiretap Act's definition of a "device."  *See Marsh v. Zaazoom Sols, LLC*, C-11-05226-YGR, 2012 WL 952226 at *17 (N.D. Cal. Mar. 20, 2012) (websites that were the intended recipients of communications "do not fall within [the Wiretap Act's] definition of a 'device.'").

**B.**   **Section 2511(2)(g)(i) Of The Federal Wiretap Act Exempts Disqus From Liability Because Plaintiff's Alleged Communications Were Public.**

In addition, the allegations of the FAC establish that Disqus is exempt from liability under the Wiretap Act's public electronic communications exemption.  Section § 2511(2)(g)(i) states, "[i]t shall not be unlawful . . . for any person to intercept or access an electronic communication made through an electronic communication system that is *configured so that such electronic communication is readily accessible to the general public*."  18 U.S.C. § 2511(2)(g)(i) (emphasis added).  Further, "[t]he legislative history of the [Wiretap Act] suggests that Congress wanted to protect electronic communications that are *configured to be private*, such as email and private electronic bulletin boards."  *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 875 (9th Cir. 2002) (citing S.Rep. No. 99–541, at 35–36, 1986 U.S.C.C.A.N. at 3599 and H.R. Rep. No. 99–647 at 41, 62–63 (1986)).

Disqus provides a platform for *public* communication in the form of a comment platform that webpage owners can add to their webpages to allow visitors to those webpages to add comments.  *See* FAC ¶ 18e, 23b.  The gravamen of the FAC is that Plaintiff lost his right to free speech when he lost the ability to comment publicly on various social media platforms and websites—obviously that means *public* speech.  In the case of Disqus in particular, Plaintiff alleges he was blocked from ABC News' and Media Matters for America's Disqus Commentary Engine because of "derogatory political opinions that *I expressed openly . . .* on the DCE."  *Id.* ¶

31 (emphasis added).  Specifically, he alleges he was blocked for leaving "fake news" comments on various news articles.  *Id.* ¶¶ 61-69, 95-108.  Any comment Plaintiff has made on the Disqus Commentary Engine, including the specific comments discussed in the FAC, were all "readily accessible to the general public."  18 U.S.C. § 2511(2)(g)(i).  Consequently, the FAC discloses on its face that § 2511(2)(g)(i) precludes liability on the part of Disqus.[1]

### C.    Disqus Is Exempt From Liability Under Both Federal and State Wiretapping Laws Because Disqus Was a Party to All Communications.

In addition, the federal Wiretap Act provides that "[i]t shall not be unlawful . . . for a person not acting under color of law to intercept a wire, oral, or electronic communication *where such person is a party to the communication.*"  18 U.S.C. § 2511(2)(d) (emphasis added).[2] Plaintiff alleges that he used the Disqus Commentary Engine to make his comments until he was blocked from doing so.  FAC ¶¶ 61-69, 95-108.  Obviously, then, Disqus was one of the intended recipients of Plaintiff's communications, *i.e.* any comments Plaintiff published on the Disqus Commentary Engine are communications between Plaintiff and Disqus' servers.  Disqus could not have acted unlawfully if it was a party to the communication.  *See Id.*; *see also In re Facebook Internet Tracking Litig.,* 2017 WL 2834113, at *4 (dismissing wiretap claim when defendant's website server was the intended recipient of the communication); *Marsh*, 2012 WL 952226, at *17 (same); *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 806 F.3d at 135 (dismissing wiretap claim when communication was sent directly to defendant's servers).

Likewise, "[t]he analysis for a violation of CIPA is the same as that under the federal Wiretap Act."  *NovelPoster v. Javitch Canfield Grp.,* 140 F. Supp. 3d 938, 954 (N.D. Cal. 2014)

---

[1]    Additionally, to the extent Disqus is alleged to be an agent of the publishers Media Matters for America and ABC News, the Communications Decency Act immunity applies to bar any claims premised on the alleged conduct of blocking Plaintiff from posting content on the publishers' webpages.  *See* 47 U.S.C. § 230; *Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC,* 521 F.3d 1157, 1170–71 (9th Cir. 2008) ("any activity that can be boiled down to deciding whether to exclude material that third parties seek to post online is perforce immune under section 230."); *Sikhs for Justice "SFJ", Inc. v. Facebook, Inc.,* 144 F. Supp. 3d 1088, 1092-96 (N.D. Cal. 2015) (decision to block access to Facebook webpage immunized by the CDA).

[2]    Count 7 of the FAC claims a violation of § 2511(2)(d), but this section is actually a statutory exemption to liability.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 11 -

DISQUS, INC.'S MOTION TO DISMISS
CASE NO. 3:17-CV-03771-RS

1   (granting judgment on pleadings on CIPA claim for same reasons underlying the dismissal of the

2   plaintiff's Wiretap Act claim, i.e., the lack of intentional interception); *accord Sunbelt Rentals*, 43

3   F. Supp. 3d at 1033 ("[Plaintiff] has failed to plausibly allege a violation of the Wiretap Act; *a*

4   *fortiori,* he is also unable to allege a violation of CIPA.").  Section 631 "broadly proscribes *third*

5   *party* access to ongoing communications." *In re Facebook Internet Tracking Litig.*, 2017 WL

6   2834113, at *5 (quoting *Powell v. Union Pac. R. Co*., 864 F.Supp.2d 949, 955 (E.D. Cal.

7   2012)) (emphasis added).  "California courts interpret 'eavesdrop,' as used in § 632, to refer to

8   a *third party* secretly listening to a conversation between two other parties." *Id.*

9   (quoting *Thomasson v. GC Servs. Ltd. P'ship*, 321 Fed.Appx. 557, 559 (9th Cir. 2008)) (emphasis

10  added).  Because Disqus is a party to all communications posted by Plaintiff on the Disqus

11  Commentary Engine, Disqus did not "intercept" or "eavesdrop" on those communications.  *See*

12  *Id.* ("Because Facebook did not intercept or eavesdrop on communications to which it was not a

13  party, Plaintiffs' CIPA claims must be dismissed."); *accord Bradley v. Google, Inc.,* No. 06–cv–

14  5289–WHA, 2006 WL 3798134, at *5–6 (N.D. Cal. Dec. 22, 2006) (finding lack of

15  "interception" fatal to CIPA claim); *Rogers v. Ulrich*, 125 Cal. Rptr. 306 (Cal. Ct. App. 1975)

16  (finding a participant to a conversation "does not intercept the message" nor can it "eavesdrop"

17  because "only a third party can listen secretly to a private conversation.").

18          Accordingly, Plaintiff has failed to state a claim for violation of the federal Wiretap Act or

19  CIPA.  No amendment would cure this defect; Plaintiff's fifth, seventh, and eighth claims for

20  relief as plead against Disqus should also be dismissed with prejudice.

21                  **D.      Plaintiff Cannot Plead Facts Sufficient to Allege the Elements of CIPA.**

22          To state a claim for wiretapping under § 631, Plaintiff must plead facts to show that

23  Disqus either (1) used some type of machine or instrument to intentionally tap into, or make an

24  unauthorized connection to, a telegraph or telephone line, and through that connection, obtained

25  the contents of a communication; (2) attempted to read or learn the contents of a message passing

26  over a telephone or other wire, willfully and without the consent of  the parties to the message; (3)

27  used or attempted to use or communicate information gained in the above ways; or (4) aided or

28  conspired with another to do any of the above. *See* Cal. Penal Code § 631(a).  Plaintiff has failed

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DISQUS, INC.'S MOTION TO DISMISS
CASE NO. 3:17-CV-03771-RS

1   to allege facts that even suggest Disqus has performed acts that would satisfy any of the above.

2   For instance, Plaintiff nowhere alleges Disqus used a device to tap into a wire or that Disqus read

3   messages passing over a wire.  Instead, Plaintiff makes conclusory allegations such as "DCE

4   provides clients with the capability to surreptitiously surveil ongoing user communications" and

5   "neither party in any two-party conversation on DCE has been informed of their surveillance."

6   FAC ¶ 21.  These are the type of conclusory recitals proscribed by *Twombly* and *Iqbal.*  As the

7   gravamen of the claims is that Plaintiff was deprived of his right to comment publicly, it makes

8   no sense for him to allege that he was "surreptitiously surveilled" through such comments.

9          To state a claim for eavesdropping under § 632, Plaintiff must plead facts to show that

10   Disqus used an "electronic amplifying or recording device" to record a "confidential

11   communication."  Cal. Penal Code § 632(a).  Plaintiff has not pled that Disqus used any

12   amplifying or recording device or recorded any of Plaintiff's communications.  Plaintiff also

13   cannot allege that he has participated in any confidential communications on the Disqus

14   Commentary Engine.  CIPA defines "confidential communication" as "any communication

15   carried on in circumstances as may reasonably indicate that any party to the communication

16   desires it to be confined to the parties thereto, but excludes a communication made in a public

17   gathering . . . or in any other circumstance in which the parties to the communication may

18   reasonably expect that the communication may be overheard or recorded."  Cal. Penal Code §

19   632(c).  Posting comments on public message boards clearly does not satisfy this definition.  As

20   detailed repeatedly above, any communication Plaintiff alleges he made via the Disqus

21   Commentary Engine are public, and any reasonable user of the Disqus Commentary Engine

22   would be aware of this fact.  *See Flanagan v. Flanagan,* 41 P.3d 575 (Cal. 2002) (§ 632 applies

23   only "if a party to that conversation has an objectively reasonable expectation that the

24   conversation is not being overheard or recorded.").  Consequently, Plaintiff is also unable to plead

25   facts sufficient to state a plausible § 632 claim.

26          Accordingly, Plaintiff has failed to state a claim for violation of CIPA.  No amendment

27   would cure this defect; Plaintiff's eighth claim for relief as plead against Disqus should also be

28   dismissed with prejudice.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 13 -

DISQUS, INC.'S MOTION TO DISMISS
CASE NO. 3:17-CV-03771-RS

## IV.   PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER CDAFA (COUNT 6)

Plaintiff's sixth claim for relief for violation of California's Comprehensive Computer Data Access and Fraud Act ("CDAFA"), Cal. Penal Code § 502(c), should be dismissed with prejudice for failure to state a claim upon which relief can be granted. "Section 502 is an anti-hacking statute intended to prohibit the unauthorized use of any computer system for improper or illegitimate purpose." *Sunbelt Rentals*, 43 F. Supp. 3d at 1032. Plaintiff's claim that Disqus is liable under CDAFA is baseless and should be dismissed on several independent grounds.

First, Plaintiff makes only vague and conclusory allegations that merely recite statutory language from the CDAFA and utterly fails to plead a single fact to support his claim that Disqus hacked his computer or otherwise violated the CDAFA. *See* FAC ¶¶ 158-165. "These fact-barren and vague allegations are precisely the type of 'threadbare recitals' proscribed by *Twombly* and *Iqbal." Id.* Further, to the extent Plaintiff asserts "[t]he defendants perpetrated the scheme to deceive users" (FAC ¶ 160), Plaintiff's claim sounds in fraud and is therefore subject to the heightened pleading requirements of Rule 9(b). *See* Fed. R. Civ. Pro. 9(b); *see also Satmodo, LLC v. Whenever Commc'ns, LLC*, 17-CV-0192-AJB NLS, 2017 WL 1365839, at *3 (S.D. Cal. Apr. 14, 2017) (Applying Rule 9(b) standard to CDAFA claim when based on fraudulent conduct.). The FAC does not satisfy *Twombly* and *Iqbal* let alone Rule 9(b).

Second, Plaintiff fails to state which provisions of the statute he alleges Disqus has violated. Section 502(c) enumerates nine distinct offenses relating to unauthorized computer access. *See* Cal. Penal Code § 502(c). From what Disqus can gather, Plaintiff appears to allege violations of §§ 502(c)(1), 502(c)(2), and 502(c)(5), but it cannot be sure. *See* FAC ¶¶ 158-165. This alone is ground for dismissal. *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1098 (N.D. Cal. 2015) ("Plaintiffs' failure to specify the specific statutory basis for their § 502 action requires dismissal.").

Third, among other requirements for stating a claim under § 502(c), Plaintiff must plead facts sufficient to show it "suffer[ed] damage or loss by reason of [the] violation." Cal. Penal Code § 502(e)(1). "CDAFA violations require a showing of economic harm or loss." *In re Facebook Internet Tracking Litig.*, 2017 WL 2834113, at *3. Plaintiff has not, and cannot, plead

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 14 -

DISQUS, INC.'S MOTION TO DISMISS
CASE NO. 3:17-CV-03771-RS

1    any set of facts to establish Disqus caused him economic harm by deleting his comments from

2    ABC News' and Media Matters for America's websites, or by blocking him from posting further

3    comments on those websites.  This is ground for dismissal with prejudice.  *Id.* (dismissing

4    CDAFA claim when Plaintiffs failed to establish "realistic economic harm or loss that is

5    attributable to [Defendant's] alleged conduct."); *NovelPoster*, 140 F. Supp. 3d at 951 (granting

6    defendant's motion for judgement on the pleadings because "the complaint does not adequately

7    plead that [plaintiff] 'suffered damages or loss by reason of a violation.'").

8        Fourth, these claims necessarily fail because Plaintiff has not alleged any facts to show

9    that Disqus accessed Plaintiff's computer.  These statutory sections make "access[ing]" a

10   computer unlawful if a person "without permission takes, copies, or makes use of" data on the

11   computer or "without permission alters, damages, deletes, destroys, or otherwise uses any data"

12   on the computer.  Cal. Pen. Code §§ 502(c)(1) and 502(c)(2).  Both allegations require that

13   Disqus "access" Plaintiff's computer, which California courts generally interpret to mean

14   "'hacking' or breaking into a computer."  *See Chrisman v. City of Los Angeles*, 65 Cal. Rptr. 3d

15   701, 704 (Cal. Ct. App. 2007) ("Section 502 defines 'access' in terms redolent of 'hacking' or

16   breaking into a computer.); *accord Sunbelt Rentals*, 43 F. Supp. 3d at 1032 (a party accesses a

17   computer without permission for purposes of § 502 when they "circumvent [ ] technical or code-

18   based barriers in place to restrict or bar a user's access.").

19       Plaintiff's allegations against Disqus are that Disqus removed Plaintiff's comments *from

20   the Disqus Commentary Engine* and blocked Plaintiff's ability to post comments on news

21   websites operated by ABC News and Media Matters for America.  Plaintiff has failed to plead a

22   single fact to support an allegation that Disqus accessed his computer.

23       Fifth, the claim also fails under Section 502(c)(5), because that section states it is a

24   violation if a party "[k]nowingly and without permission disrupts or causes the disruption of

25   computer services or denies or causes the denial of computer services to an *authorized user* of a

26   computer, computer system, or computer network."  Cal. Penal Code § 502(c)(5) (emphasis

27   added).  Plaintiff has failed to allege how he believes Disqus "disrupted computer services" or

28   "caused denial of computer services to the [P]laintiff."  FAC ¶¶ 162-164.  If Plaintiff asserts that

1   being blocked from posting comments on ABC News' and Media Matters for America's

2   webpages is a violation of the statute, then this claim necessarily fails because Plaintiff is not an

3   authorized user of those comment systems.  Section § 502(c)(5) applies only when a party has

4   *authorization* to access a computer or network and such access is blocked.  Cal. Penal Code §

5   502(c)(5).  ABC News and Media Matters for America have removed Plaintiff's authorization to

6   access their comment boards employing Disqus' Disqus Commentary Engine.  Thus, Plaintiff is

7   not an authorized user as required by the statute and Disqus has not violated the statute by

8   preventing Plaintiff's unauthorized access.

9          Plaintiff has failed to state a claim for violation of the CDAFA.  No amendment would

10  cure this defect; Plaintiff's sixth claim for relief as plead against Disqus should also be dismissed

11  with prejudice.

12                                      **<u>CONCLUSION</u>**

13         Disqus should be dismissed from this action with prejudice, all claims for relief pled

14  against it are defective and cannot be cured.

15  Dated: September 5, 2017                    Orrick, Herrington & Sutcliffe LLP

16

17                                              By:   */s/ Daniel D. Justice*
                                                      _____
18                                                    DANIEL D. JUSTICE
                                                      Attorneys for DISQUS, INC.
19

20

21

22

23

24

25

26

27

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SAN FRANCISCO